IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                               **Case 2:15-cr-20280-SHM**

**KEVIN COLEMAN,**

        **Defendant.**

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant's Motion to Suppress. (Docket Entry "D.E." #36). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #30). The United States Magistrate Judge held a hearing on the instant motion on April 25, 2016. For the reasons set forth herein, it is recommended that Defendant's Motion to Suppress be DENIED.

**I. Background**

On December 3, 2015, Defendant was indicted by a grand jury of this Court on one count of unlawfully, knowingly, and intentionally conspiring, combining, confederating and agreeing with other persons both known and unknown to the grand jury to possess with the intent to distribute and to distribute a mixture and substance containing more than 500 grams of a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

On April 4, 2016, Defendant filed the instant motion pursuant to Title III of the Omnibus Crime Control and Safe Streets Act ("Title III"), 18 U.S.C. § 2510, *et seq.*, Rules 12 and 16 of the Federal Rules of Criminal Procedure, and Rule 16.1 of the Local Criminal Rules. Specifically, Defendant asserts that the intercepted communications should be suppressed because they were obtained without sufficient consent and without a judicial order. Further, Defendant asserts that the intercepted communications should be suppressed because they were not timely disclosed after Defendant demanded the materials. The Government responds that valid consent by a confidential source permitted the interception of the communications, that it has complied with its discovery obligations in producing the intercepted communications, and that, even if the Court determined that it failed to timely do so in violation of Local Criminal Rule 16.1, the extreme remedy of suppression is unwarranted.

Following the hearing on the instant motion, the parties submitted post-hearing briefing on the issue of whether Defendant has standing to challenge the admissibility of either or both of the intercepted communications. In the post-hearing briefs, the Government and Defendant agree that Defendant has standing under Title III to challenge the recorded calls to which he was a participant and, thereby, an "aggrieved person." 18 U.S.C. § 2518(10).

## II. Proposed Findings of Fact

In July 2014, the Federal Bureau of Investigation ("FBI") began investigating gang activity in Tipton County, Tennessee. (Transcript of April 25, 2016 Suppression Hearing ("Tr.") at 13). Special Agent Thomas Herbst, who is employed with the FBI and assigned to the Criminal Squad for Gang and Narcotics, participated in the investigation, which including investigating Defendant

for narcotics trafficking. (*Id*. at 13, 15, 22). As part of that investigation, the FBI utilized a confidential informant ("CI") identified as "Slim" who made recorded calls to Defendant. (*Id*. at 14).

The Government has advised that it intends to use two recorded communications at trial. On August 3, 2011, the Government states that the CI called Defendant and recorded the telephone call through a FBI system called "iTag." (*Id*. at 9-10, 14-16). To use the iTag system, the CI dials a number to the recording system and then utilizes a "three-way call to the target." (*Id*. at 10, 14-16, 24-25). The telephone calls are then recorded to a database. (*Id*. at 16, 25). There was no law enforcement agent with the CI when he placed the call and the calls are not listened to in real time; however, Special Agent Herbst testified that he was with Defendant when he initially agreed in the fall of 2014 to make certain telephone calls as a CI utilizing this system. (*Id*. at 15, 21, 25).

Following the August 3, 2011 telephone call, the CI advised Special Agent Herbst "that it was a good one" and "to listen to it." (*Id*. at 15, 26). Additionally, Special Agent Herbst met with the CI, who claimed "to be making calls abundantly." (*Id*. at 16). Thus, Special Agent Herbst spoke to the CI "about the idea of doing a consensually monitored Title III" wiretap. (*Id*.) Special Agent Herbst explained that "every call . . . outgoing and incoming is going to be recorded, every text is going to be recorded." (*Id*. at 17). The CI agreed to the consensual Title III wiretap, read the required paperwork aloud to Special Agent Herbst, voluntarily completed it, and signed his name as "Slim." (*Id*. at 16-18, 29, 35 & Exhs. 1-3). Special Agent Herbst testified that CIs use their nicknames even on official documents such as this consent form to continue to protect their identities. (*Id*.) Special Agent Herbst testified that the signed documents were then provided to the telephone service provider, AT&T, which permitted the FBI "to record in realtime the phone calls and text messages made by the confidential source." (*Id*. at 20). During those calls, discussions

occurred regarding activities of the Gangster Disciples, including "narcotics purchases." (*Id*. at 20-21). Special Agent Herbst stated that the only method available to him to know when Slim himself placed certain calls from that telephone line was by "vocal recognition." (*Id*. at 37).

On August 11, 2015, a call was intercepted between the CI and Defendant on which they discussed narcotics. (*Id*. at 21). Specifically, the CI and Defendant discussed a transaction involving a certain amount of cocaine for a certain price. (*Id*.)

### III. Proposed Conclusions of Law

#### *A. Standing*

As a threshold issue, the Court must consider whether Defendant has standing to challenge the admissibility of the August 3, 2015 and/or August 11, 2015 recorded communications. Pursuant to 18 U.S.C. § 2518(10), "[a]ny aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that" the "communication was unlawfully intercepted," "the order of authorization or approval under which it was intercepted is insufficient on its face," or "the interception was not made in conformity with the order of authorization or approval." *Id*. The United States Court of Appeals has concluded that, "[w]ith particular regard to electronic eavesdropping, the accused must show that it was directed at *him*, that the government intercepted *his* conversations, or that the wiretapped communications occurred at least partly on *his* premises." *United States v. Cooper*, 868 F.2d 1505, 1509-10 (6th Cir. 1989) (citing *United States v. Williams*, 580 F.2d 578, 583 (D.C. Cir. 1978)).

At the hearing on the instant matter, Special Agent Herbst testified that both the August 3, 2015 and August 11, 2015 telephone calls took place between the CI and Defendant. Thus, the

4

Government intercepted Defendant's conversations, and Defendant has standing to move to suppress the contents thereof.

### B. Validity of CI Consent

Next, Defendant asserts that the Government has not demonstrate that the CI, "Slim," provided "sufficient consent" for the recording of the telephone calls. Under Title III of the Omnibus Crime Control and Safe Streets Act ("Title III"), it is illegal to monitor and record a telephone conversation without a judicial order unless a statutory exemption applies. 18 U.S.C. § 2510, *et seq*. One such exemption to Title III is that it is lawful to monitor and record a telephone conversation when "a party to the communication . . . has given prior consent to such interception." 18 U.S.C. § 2511(2)(c).

In the instant case, the Government has introduced the Department of Justice Federal Bureau of Investigation Telephone Subscriber Consent Form ("Consent Form") executed by "Slim" on August 8, 2015. (Mot. to Suppress at Exh. D; Tr. at Exh. 1). Defendant asserts that the Consent Form, which provided consent for the August 11, 2015 interception, is invalid for two reasons: (1) because it states that "Slim" is the "exclusive user" of the telephone number but does not claim that he is the owner or subscriber of the account or number; and, (2) because use of the moniker or nickname "Slim" is insufficient to represent consent of a specific person or owner in this circumstances and, even when protecting the identity of a CI due to concerns for safety, the use of a proper legal name is necessary to represent consent, although it could later be redacted.

Upon review, Special Agent Herbst testified that he was present on August 5, 2015 when the CI agreed and executed the necessary documents to participate in a consensual Title III wiretap of his telephone. Defendant does not cite any authority for his propositions that the Government must

...

further prove that the CI was the owner or subscriber of the telephone account or that he must execute the Title III consent documents in his legal name. Thus, the Court recommends that the CI consented to the recording of the August 11, 2015 telephone call. Further, although Defendant does not appear to explicitly challenge the CI's consent to recording the August 3, 2015 telephone call, Special Agent Herbst testified that he was present in the fall of 2014 when the CI consented to participate in the iTag recording system that ultimately recorded the August 3, 2015 telephone call. Therefore, the Court additionally recommends that the CI consented to the recording of the August 3, 2015 telephone call. Accordingly, the Court recommends that there is no violation of Title III because, pursuant to 18 U.S.C. § 2511(2)(c), wire communications that are intercepted based upon the prior consent of a party to the call are lawful.

### *C. Discovery*

Finally, Defendant asserts that the Government violated Rule 16 of the Federal Rules of Criminal Procedure and Rule 16.1 of the Local Rules of Criminal Procedure by not timely disclosing the recordings of the August 3, 2015 and August 11, 2015 telephone calls. Rule 16 of the Federal Rules of Civil Procedure, which governs discovery and inspection, provides in pertinent part as follows regarding the information that the Government is required to disclose:

> **(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (I) any relevant written or recorded statement by the defendant if:
>
> • the statement is within the government's possession, custody, or control; and
>
> • the attorney for the government knows—or through due diligence could know—that the statement exists.

Fed. R. Crim. P. 16(a)(1)(B)(I).

Rule 16(d)(2) of the Federal Rules of Civil Procedure further provides that, if a party fails to comply with Rule 16, the Court may do as follows:

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

Local Rule 16.1 requires as follows with respect to discovery in criminal cases pursuant to Rule 16 of the Federal Rules of Civil Procedure:

> (a) Within fourteen (14) days after arraignment, any attorney seeking discovery shall make such a request in writing addressed to the United States Attorney and filed with the Clerk of Court. The request shall state specifically what items are being requested for discovery.
>
> (b) The United States Attorney shall respond in writing to the request for discovery within fourteen (14) days. The response shall include the following:
>
>> (1) Identification of the date the request for discovery was received by the United States Attorney and the name of the attorney making the request.
>>
>> (2) Specification of items, or reasonably specific categories of items, that are available for discovery. . . .

L. Crim. R. 16.1(a)-(b).

Defendant made a written demand for discovery pursuant to Rule 16 on December 16, 2015, which was filed with the Court. On January 5, 2016, the Government responded to Defendant's discovery demand with a letter to Defendant, which was also filed with the Court ("Government's

Discovery Response"). Defendant notes that the Government's Discovery Response was beyond the fourteen-day period prescribed by Local Criminal Rule 16.1 but acknowledges that "some leeway is tolerated by the parties." The Government's Discovery Response states that, "[a]s to Rule 16(a)(1)(A) and (B), [the attorney for the Government] enclosed reports and recordings which contain statements made by your client, as well as statements made by unindicted co-defendants during the course of the investigation." The Government's Discovery Response further states that the Government "intends to introduce . . . the recordings made to your client by a confidential source . . . ." The Government's Discovery Response states that the Government anticipates providing supplemental discovery, which would include forensic and ammunition reports, but does not mention at that time any anticipated need to supplement the discovery with further recorded communications. Defendant asserts that no telephone recordings or consent forms for any telephone interceptions were contained within the Government's Discovery Response.

On March 17, 2016, the Government sent a supplemental discovery response to Defendant's discovery demand, which was filed with the Court ("Government's Supplemental Discovery Response"). The Government's Supplemental Discovery Response included "a disc containing all audio recordings between [Defendant] and a confidential informant" as well as the "consent form and the letter to the telephone company authorizing the consensual monitoring of the wire intercepts." The Government's Supplemental Discovery Response further advised that these calls "were obtained pursuant to a consensual Title III."[1]

---

[1] It appears to the Court based upon the representations of the parties and the Government's Discovery Response and Government's Supplemental Discovery Response that the telephone call recorded on August 3, 2011 was also disclosed on March 17, 2016, even though it was not obtained under the consensual Title III authorization but by a one-time consent under the iTag system.

Defendant argues that it would appear that the recordings of the August 3, 2015 and August 11, 2015 telephone calls as well as the consent form and telephone company authorization was either in the possession of the Government or the attorney for the Government knew the recordings existed in August 2015. Defendant states that it is clear that this information was subject to disclosure under Rule 16 of the Federal Rules of Civil Procedure upon Defendant's demand. Defendant further asserts that it is well established that recordings of this nature may be the subject of pretrial suppression challenges, which the Court's Scheduling Order required be asserted by January 29, 2016.

Upon review, while the Government did not provide the recordings of the August 3, 2015 and August 11, 2015 telephone calls until March 17, 2016, the Government has now disclosed it. Thus, it is recommended that the Government has complied with Rule 16 of the Federal Rules of Civil Procedure for purposes of Rule 16(d)(2).

Further, although the Court's scheduling order required that any motions to suppress be filed by January 29, 2016, it is recommended that the District Court permit the Defendant to bring the instant motion after that deadline because the Government had not provided the discovery until approximately six weeks after it had passed.

With respect to Defendant's request that the late-disclosed evidence be suppressed, it appears that Defendant seeks to apply the Rule 16(d)(2)(C) sanction of prohibiting the Government from introducing the August 3, 2015 and August 11, 2015 recorded communications for failure to comply for failure to comply with Local Criminal Rule 16.1; however, the plain language of Rule 16(d)(2) does not support such a reading. Fed. R. Civ. P. 16(d)(2) ("If a party fails to comply with *this rule* . . .")

Additionally, even if this Court were to have recommended that the Government had committed a violation of Rule 16 of the Federal Rules of Civil Procedure, which the Court has not, the harsh sanction of suppression of evidence is only appropriate if certain factors are met, including as follows: (1) the Government acted intentionally or in bad faith; (2) the Defendant has suffered a certain degree of prejudice; and, (3) the prejudice cannot be cured with a less severe cause of action. *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995) (citing cases). In the instant case, there is no evidence that the Government acted intentionally or in bad faith. While the Defendant did not receive the materials as timely as Local Rule 16.1 undisputedly requires, he has now received the discovery and the Court is recommending that he be permitted to pursue the instant motion beyond the date set forth in the Court's Scheduling Order. Defendant does not assert that he has suffered any additional prejudice. Accordingly, it is recommended that, even if the District Court finds that the Government violated Rule 16 of the Federal Rules of Civil Procedure and/ or Rule 16.1 of the Local Criminal Rules, the August 3, 2015 and August 11, 2015 recorded conversations should not be suppressed pursuant to Rule 16(d)(2)(C).

## IV. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion to Suppress be DENIED.

**DATED** this 24th day of May, 2016.

                          s/ Charmiane G. Claxton
                          CHARMIANE G. CLAXTON
                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**