**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 15-cr-20280 |
| ) | |
| KEVIN COLEMAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's May 24, 2016 Report and Recommendation (the "Report") recommending that Kevin Coleman's ("Coleman") April 4, 2016 Motion to Suppress (the "Motion") be denied. (Report, ECF No. 39.) No objection has been filed to the Report and the time to do so has passed. For the following reasons, the Magistrate Judge's Report is ADOPTED and the Motion is DENIED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). After receiving a magistrate judge's report, a "judge of the court shall make a

de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. Id. The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Coleman has standing to challenge the admissibility of the August 3, 2015 and August 11, 2015 recorded communications. (Report, ECF No. 39 at 4.) She finds that the recorded communications should not be suppressed because they were lawfully intercepted by the Government. (Id. at 5-6.) She finds that the Government complied with Federal Rule of Criminal Procedure 16 and Local Rule of Criminal Procedure 16.1. (Id. at 9.) The Report states that any objections must be filed within fourteen (14) days after service of the Report. (Id. at 11.); see also 28 U.S.C. § 636(b)(1)(C)("Within fourteen days after being served with a copy [of the Magistrate Judge's Report], any party may serve and

file written objections to such proposed findings and recommendations as provided by the rules of the court.").

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, and the Motion is DENIED.


So ordered this 8th day of June, 2016.

                                       s/ Samuel H. Mays, Jr.
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE